## McCALL *v.* BUTTERWORTH.

In an action for damages, for failing to obey a subpœna, the question whether it was served or not, is a matter of proof for the plaintiff on the trial.

In such an action, the return of service upon the subpœna, is not conclusive upon the parties; and the plaintiff is entitled to show on the trial, as a matter of fact, independent of the return of the officer, that the writ was duly and legally served.

In an action for damages, for failing to obey a subpœna, it is not indispensably necessary, that the return of the officer, should show that a copy of the subpœna was delivered to the witness.

Where a witness is a party to a suit in which his attendance is required, no technical objection to the regularity or sufficiency of the subpœna,

should be suffered to prevail, in a suit to recover damages for failing to obey the same.

It is error to set aside a petition for damages, for failing to obey a subpœna, on motion or demurrer of the defendant, for the reason that no service of the subpœna had been made upon defendant, which he was bound to obey.

*Appeal from the Hamilton District Court.*

THURSDAY, APRIL 14.

THIS was an action to recover damages for failing to obey a *subpœna*. The defendant appeared, and moved the court to set aside the petition, for reasons set forth in the motion. The record entry states : " This cause coming on for hearing on the defendant's motion to dismiss; motion to dismiss sustained ; and the plaintiff failing to further prosecute the same, the same is dismissed, at the costs of said plaintiff." The bill of exceptions states that " the defendant filed his demurrer or motion to set aside the petition; which said motion or demurrer was sustained by the court, for the reason that no service of the subpœna had been made upon the defendant, which he was bound to obey; and set aside the said petition." Plaintiff appeals.

*Hull & Dennison*, for the appellant.

*J. A. Kasson* and *D. O. Finch*, for the appellee.

STOCKTON, J.—The motion to set aside the petition appears to have been treated by the parties, and by the court, as a demurrer; and as no question has been made upon the regularity of this practice, we proceed to consider the cause, without expressing any opinion, whether or not, the motion was properly allowed, in this case, to take the place of a demurrer to the petition.

The district court sustained the motion, and set aside the petition, for the reason that no service of the subpœna had been made upon the defendant, which he was bound to obey. The plaintiff avers that the subpœna was legally and duly

served on the defendant by the sheriff of the county. Whether it was so served, or not, was a matter of proof for the plaintiff on the trial. The subpœna having been made a part of the petition, and attached thereto, the defendant relies upon the return of the sheriff, indorsed thereon, as showing that the service was not sufficient. The return, even if insufficient, is not conclusive on the parties. The plaintiff was entitled to show, on the trial, as a matter of fact, independent of the officer's return that the writ was duly and legally served, as alleged. It is not indispensably necessary that the return of the officer, should show that a copy of the subpœna was delivered to the witness. This may be shown by other testimony, and is only required to be shown to render the party liable for contempt of court, in not obeying the writ.

The objection that the subpœna does not state the time and place, when and where the attendance of the witness is required, is not well taken. This information, we think, is conveyed with sufficient distinctness. Where the witness is a party to the suit, in which his attendance is required, no technical objection to the regularity or sufficiency of the subpœna, should be suffered to prevail.

Judgment reversed.